UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EATON CROMWELL, JR., *et al.*, | No. C-13-80002 MISC EMC |
| Plaintiffs, | |
| v. | **ORDER GRANTING DEFENDANT'S ADMINISTRATIVE MOTION TO CONTINUE** |
| UNITED STATES OF AMERICA, | |
| Defendant. | **(Docket No. 5)** |
| _____/ | |

Plaintiffs have filed a motion pursuant to 18 U.S.C. § 983(a)(3), Federal Rule of Criminal Procedure 41(g), and/or the equitable jurisdiction of this Court, in which they ask the Court to order the government to return certain property that government agents seized from them. According to Plaintiffs, after its agents seized their property, the government thereafter failed to file a complaint for forfeiture within the statutory deadline, such that the property must now be returned to them pursuant to § 983(a)(3). Section 983(a)(3) provides in relevant part as follows:

    (A)    Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture . . . or return the property pending the filing of a complaint . . . .

    (B)    If the Government does not --

        (i)    file a complaint for forfeiture or return the property, in accordance with subparagraph (A); or

        (ii)    before the time for filing a complaint has expired --

            (I)    obtain a criminal indictment containing an allegation that the property is subject to forfeiture; and

> (II) take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal statute,
>
> the Government shall promptly release the property pursuant to regulations promulgated by the Attorney General, and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense.

18 U.S.C. § 983(a)(3).

Plaintiffs maintain that, "[t]o the extent that § 983(a)(3) does not provide an independent procedural vehicle for the relief [to which they] are entitled, this motion is alternatively made pursuant to [Federal Rule of Criminal Procedure] 41(g) and/or the general equitable jurisdiction of this Court." Mot. at 2. Rule 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). Plaintiffs served a copy of their motion by personal service on the U.S. Attorney's Office in the San Francisco courthouse.

After receiving Plaintiffs' motion, the Court initially set the motion for hearing on February 14, 2013. Subsequently, the government filed a motion to continue the hearing, noting that, under Ninth Circuit law, where there is no criminal proceeding pending, a Rule 41(g) motion should be "treated as a civil complaint governed by the Federal Rules of Civil Procedure." *Kardoh v. United States*, 572 F.3d 697, 702 (9th Cir. 2009) (adding that the government's opposition to the motion "was the equivalent of a motion for summary judgment" such that the court had to determine "whether the government has demonstrated that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law"); *see also United States v. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir. 2008) (stating that, "[b]ecause there were no criminal proceedings pending at the time of filing, the district court properly treated the motion as a civil complaint governed by the Federal Rules of Civil Procedure"). The government asked the Court to continue the hearing on Plaintiffs' motion until after it had been served with the motion/complaint in compliance with Federal Rules of Civil Procedure 4(i)(1) and 12(a)(2). *See* Fed. R. Civ. P. 4(i)(1) (providing that, to serve the United States, a party must not only "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought" but also "send a copy of each by

2

registered or certified mail to the Attorney General of the United States at Washington, D.C." and, "if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer"); Fed. R. Civ. P. 12(a)(2) (providing that the United States "must serve an answer to a complaint . . . within 60 days after service on the United States attorney").

In response, Plaintiffs did not object to a continuance in principle, but implicitly they asked the Court not to require service in compliance with Rules 4(i)(1) and 12(a)(2) -- *i.e.*, by asking the Court to reset their motion for hearing for 60 days after the government filed its motion to continue.

Subsequently, after a discussion with Court staff, the parties seemed to agree to a stay on a hearing on Plaintiffs' motion. The parties indicated that, instead, they would submit a stipulation to the Court agreeing to a status conference at some point in the future, at which time the service issue could be revisited. However, the parties thereafter were unable to reach a stipulation, and Plaintiffs asked the Court to reset their motion for hearing for February 28, 2013.

Given the above circumstances, the Court must address Defendants' position that no hearing on Plaintiffs motion may be set until after proper service has been effected. Because § 983(a)(3) does not on its face provide a procedural vehicle for the relief sought by Plaintiffs, the Court must consider Plaintiffs' motion as a Rule 41(g) motion. As Defendants argue, the Ninth Circuit has made clear that, where there is no pending criminal proceeding, a Rule 41(g) motion must be considered a civil complaint, and the Federal Rules of Civil Procedure are applicable. Because Plaintiffs have cited no authority indicating that the service-of-process rules in the Federal Rules of Civil Procedure should not be applied in these circumstances, the Court agrees with Defendants that service of Plaintiffs' motion/complaint should be effected in accordance with Rules 4(i)(1) and 12(a)(2).

Accordingly, the Court hereby **GRANTS** Defendants' motion to continue. Plaintiffs' motion for return of property shall be deemed a civil complaint, and Plaintiffs are ordered to effect service in accordance with the Federal Rules of Civil Procedure (absent a stipulation by the parties). Upon service, the parties shall meet and confer and stipulate to a Case Management Conference (CMC)

within 30 days (set on this Court's regular civil calendar) to discuss a plan for adjudicating this matter. The parties shall file a joint CMC statement seven days before the CMC.

IT IS SO ORDERED.

Dated: January 28, 2013

_____
EDWARD M. CHEN
United States District Judge

4